IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HERITAGE COMPANY, INC.**                                                        **PLAINTIFF**

V.                                   NO. 4:22-cv-82-JM

**HUDSON EXCESS INSURANCE COMPANY;**
**CORVUS INSURANCE AGENCY, LLC;**
**GCG RISK MANAGEMENT, LLC, an Alera**
**Group Company**                                                              **DEFENDANTS**

## ORDER

This case involves a dispute over insurance coverage for a cyber ransom attack suffered by Plaintiff. Pending are motions to dismiss filed by Defendants Corvus Insurance Agency, LLC ("Corvus") and GCG Risk Management Consultant, LLC ("GCG") (Doc. Nos. 17, 18). Plaintiff Heritage Company, Inc. ("Heritage") responded to both, and Corvus and GCG filed a consolidated reply. For the reasons stated below, the motions to dismiss are granted.

A complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief" to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2). The Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). The complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests and must also contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

Heritage filed a complaint titled "Complaint for Breach of Contract, Declaratory Judgment, and Bad Faith" against Hudson Excess Insurance Company ("Hudson"), Corvus, and

GCG.  In it, Heritage alleges that "Hudson, as the insurance company, Corvus, as the insurance agent, and [GCG] as procuring agent, induced and consequently entered into a written contract" to insure Heritage.[1]  The remainder of the allegations are against "Defendants" collectively.  A copy of the insurance contract attached as an exhibit to the complaint lists Heritage as the named insured and Hudson as the insurer and writing company.

Corvus and GCG separately moved to dismiss the complaint against them for failure to state a claim on the basis that neither of them is a party to the insurance contract. In its response, Heritage does not address its three enumerated causes of action.  Rather it argues that its allegations as to both Corvus and GCG are sufficient to state a claim, without specifying a particular cause of action, based on the allegations of its complaint.  Heritage represents that its complaint alleges "misrepresentations, misinformation" on the part of Defendants and reliance on the part of Heritage.  It doesn't.  Under the claim for Count I Breach of Contract, the complaint alleges that Plaintiff relied on "the explanations and representations by Defendants, and each of them, that the Policy meant what it said and that Plaintiff was to be compensated in the event of loss, as the Policy stated or Heritage would not have purchased the particular policy." (Doc. No. 2, ¶ 15).  The complaint does not allege misrepresentations or misinformation.

Each of the enumerated claims asserted by Heritage—breach of contract, declaratory judgment [that Defendants are liable to pay under the policy], and bad faith[2]—requires and

---

[1] In their answers, Corvus states that it is an underwriter to the insurance contract and GCG states that it is an insurance broker.
[2] Arkansas law defines bad faith in terms of an insurance company and an insured, *see State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 56, 991 S.W.2d 555, 559 (1999) (An *insurance company* commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to *its insured*.) (Emphasis added.)

insured and an insurer who are parties to an insurance contract. The insurance policy attached to the complaint establishes that the insurance company is Hudson. To the extent that Heritage is attempting to argue that its complaint alleges tort claims against Corvus and GCG other than those enumerated in the title and enumerated counts of its complaint, those argument are disingenuous.

    The motions to dismiss filed by Corvus (Doc. No.17) and GCG (Doc. No. 18) are GRANTED, and the complaint is dismissed without prejudice as to these separate defendants.

    IT IS SO ORDERED this 3rd day of October, 2022.

                                      _____
                                      United States District Court Judge